## POSEY v. ZINKHAM.

---

HABEAS CORPUS; JUVENILE COURT.

The finding of the juvenile court, in a criminal prosecution of a father for nonsupport of his minor children, that they were domiciled in the District as alleged in the information, and that the court therefore had jurisdiction, cannot be reviewed on habeas corpus.

No. 3113. Submitted December 3, 1917. Decided February 4, 1918.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia denying a petition for the writ of habeas corpus. *Affirmed.*

The COURT in the opinion stated the facts as follows:

An information was filed in the juvenile court of the District of Columbia charging appellant, William Posey, with the crime of nonsupport of his three minor children under the age of sixteen years, alleged in the information to be "domiciled in the District of Columbia." Upon a plea of not guilty, he was tried, convicted, and sentenced to serve six months at hard labor in the Washington Asylum and Jail, to which he was duly committed.

Appellant then sued out a writ of habeas corpus in the Supreme Court of the District of Columbia to test the legality of his imprisonment, on the ground that the said children had at

all times resided in the state of Virginia, and were not at the time the charge was made, or at any time theretofore or thereafter, domiciled in the District of Columbia, and that the juvenile court was, therefore, without jurisdiction in the premises. On hearing in the court below, the petition was denied, and, from the order, this appeal was taken.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Frank H. Stephens,* Assistant, for the appellee.

*Mr. John E. Collins* and *Mr. H. A. Clarke,* for the appellant, in their brief cited:

15 Am. & Eng. Enc. Law, 2d ed. 201, 202; 26 Am. & Eng. Enc. Law, 2d ed. 670; *Bandy* v. *Hehn,* 10 Wyo. 167; *Barbour* v. *Harris,* 135 U. S. 356; *Billingsley* v. *State,* 3 Tex. App. 686; *Ex parte Bollman,* 4 Cranch, 75; *Callan* v. *Wilson,* 127 U. S. 540; *Re Clarke,* 12 Cush. 320; *Re Cannon,* 15 Pa. Co. Ct. 312; *Re Coy,* 127 U. S. 731; 21 Cyc. 326; Desty's Fed. Proc. 6th ed. pp. 23, 24; *Ex parte Dries,* 3 App. D. C. 436; *Elliott* v. *United States,* 23 App. D. C. 457; 4 Enc. Pl. & Pr. 32, 50, et seq.; *Fox* v. *Hicks,* 81 Minn. 197; *Ex parte Frederick,* 149 U. S. 70; *Re Harris,* 68 Vt. 243; *Re Haskell,* 52 Fed. 795; *Hendley* v. *Clark,* 8 App. D. C. 171; *Hickey* v. *Stewart,* 3 How. 762; *Hunt* v. *Hunt,* 94 Ga. 257; *Re Jugiro,* 140 U. S. 291; *Justice* v. *State,* 17 Ind. 56; *Kellar* v. *Davis* (Neb.) 95 N. W. 1028; *Kohl* v. *Lohlback,* 160 U. S. 293; *McClaughry* v. *Deming,* 186 U. S. 69; *Re McKnight,* 52 Fed. 299; *Martin* v. *Com.* 1 Mass. 347; *Re Marsh,* McArth. & M. 32; *People ex rel. Campbell* v. *Dewey,* 23 Misc. 267, 50 N. Y. Supp. 1013; *People* v. *Du Rell,* 1 Idaho, 44; *People* v. *O'Neal,* 47 Cal. 109; *Re Reynolds,* 20 Fed. Cas. 11, 721; *Rice* v. *State,* 3 Kan. 141; *Ex parte Siebold,* 100 U. S. 37; *Slearly's Appeal,* 3 Grant, Cas. 270; *Smith* v. *Clausmeier,* 136 Ind. 115; *Smith* v. *Territory,* 104 Ariz. 95; *State* v. *Herndon,* 107 N. C. 934; *State* v. *Ward,* 8 N. J. L. 120; *Re Taylor,* 13 Fed. Cas. No. 13,774; *Tenney* v. *Taylor,* 1 App. D. C. 223; *Ex parte Titus Hays,* 25 Fla. 279; *Ex parte Tom Tong,* 108 U. S. 556; *Van Hoffman,* 4 Redf. 244; *Wood* v. *District of Columbia,* 6 Mackey, 142.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The case turns upon the single question of the right of appellant in this proceeding to have retried the question of the actual domicil of the minor children. It is conceded, as indeed it must be, that, under the statute (34 Stat. at L. 86, chap. 1131) upon which the information was based, the juvenile court had complete jurisdiction of the person of the defendant and of the subject-matter, with power to impose the sentence complained of in this case. When these elements concur, the jurisdiction is complete, and it is well settled that in habeas corpus the court is limited to an inquiry into the existence of jurisdiction on the part of the trial court; and where it appears that the court had jurisdiction of the party and of the offense, and that it did not exceed its powers in imposing sentence, the inquiry ends. *Ex parte Yarbrough,* 110 U. S. 651, 28 L. ed. 274, 4 Sup. Ct. Rep. 152; *Re Coy,* 127 U. S. 731, 759, 32 L. ed. 274, 281, 8 Sup. Ct. Rep. 1263. The information charged an offense of which the juvenile court had jurisdiction.

Coming to the question in the case,—the actual domicil of the children,—the information charges that they were domiciled in the District of Columbia. This presented an issue of fact dependent upon proof at the trial. It is a quasi jurisdictional fact, which must be alleged and proved as a condition precedent to taking jurisdiction. Here, the allegation was properly made, and the jurisdiction found by the court, it will be assumed, upon competent proof. In any event, the finding cannot be collaterally attacked. As was said by the court in *Noble* v. *Union River Logging R. Co.* 147 U. S. 165, 173, 37 L. ed. 123, 126, 13 Sup. Ct. Rep. 271: "There is, however, another class of facts which are termed quasi jurisdictional, which are necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly alleged and established to the satisfaction of the court, cannot be attacked collaterally. With respect to these facts, the finding of the court is as conclusively presumed to be correct as its finding with respect to any other matter in issue between the parties. Examples of these are the allegations and proof of the requisite

diversity of citizenship, or the amount in controversy in a Federal court, which, when found by such court, cannot be questioned collaterally. * * * In this class of cases, if the allegation be properly made, and the jurisdiction be found by the court, such finding is conclusive and binding in every collateral proceeding. And even if the court be imposed upon, by false testimony, its finding can only be impeached in a proceeding instituted directly for that purpose." It follows that habeas corpus may only be invoked where lack of jurisdiction appears upon the face of the record; but where, as here, jurisdiction is dependent upon a question of fact which has been resolved against the defendant, the decision can only be reviewed in a direct proceeding.

The judgment is affirmed.                    *Affirmed.*